UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY CATHERINE**                                **CIVIL ACTION**

**VERSUS**                                            **No. 23-3986**

**HUGE ASS BEERS**                                   **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] by defendant MDK 706, LLC ("defendant") to dismiss plaintiff Terry Catherine's ("plaintiff") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.[2] Defendant filed a reply.[3] For the reasons set forth below, the Court grants the motion to dismiss pursuant to Rule 12(b)(6).

### I. BACKGROUND

This matter arises from alleged workplace discrimination. Plaintiff's amended complaint alleges that plaintiff "is an African-American male formerly employed by MDK 706, LLC dba Huge Ass Beers, as front doorman . . . ."[4] Plaintiff claims that, on July 7, 2022, he was threatened by another security guard, who plaintiff refers to as "Brandon."[5] The manager asked the men to "take it outside."[6] Plaintiff alleges that Brandon appeared outside with brass knuckles, and plaintiff asserts that he then

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 33.
[3] R. Doc. No. 35-2.
[4] R. Doc. No. 25, ¶ 3.
[5] *Id.* ¶ 5.
[6] *Id.*

1

pulled out his night stick.[7] Plaintiff also claims that, while it is alleged that he pulled out a gun, plaintiff never removed his gun from his backpack.[8] Plaintiff's amended complaint states that no fight ensued.[9] Plaintiff alleges that Angel, a white supervisor, informed plaintiff and Brandon that they were fired.[10] Plaintiff's amended complaint states that when plaintiff returned to his former workplace to pick up his final paycheck, he learned that Brandon was still working there.[11]

On August 22, 2023, plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1991 and Louisiana state antidiscrimination laws.[12] Plaintiff argues that his termination was racially motivated and constituted an illegal discriminatory discharge.[13] Plaintiff's amended complaint notes that he obtained a right to sue letter from the Equal Employment Opportunity Commission (the "EEOC") on or about May 15, 2023.[14]

Defendant subsequently filed the present motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff's claims are time barred.[15] More specifically, defendant argues that plaintiff's Title VII claim is time barred because plaintiff failed to commence his action within 90 days of receiving his right to sue letter from the EEOC and because he failed to file his EEOC action within 300 days of the alleged

---

[7] *Id.* ¶ 6.
[8] *Id.* ¶¶ 7–8.
[9] *Id.*
[10] *Id.* ¶ 7.
[11] *Id.* ¶ 9.
[12] *Id.* ¶¶ 10–11.
[13] *Id.*
[14] *Id.* ¶ 2.
[15] *See generally* R. Doc. No. 29-1.

2

unlawful employment action.[16] Defendant also argues that plaintiff's state law claims are time barred because plaintiff did not file his complaint within the one-year prescriptive period and there is no basis for equitable tolling.[17]

In response to defendant's argument that the complaint was not filed within 90 days of receiving the right to sue letter, which was received by plaintiff on May 15, 2023, plaintiff states that he "timely filed his complaint as shown by the "Tendered" stamp on the complaint."[18] The stamp on the complaint shows that the complaint was filed in this U.S. District Court on August 22, 2023.[19]

Next, with respect to defendant's argument that the EEOC charge was not timely filed, plaintiff argues that he timely initiated his EEOC charge when he filed a "Declaration under Penalty of Perjury" on September 30, 2022.[20] Plaintiff argues that the formal signed charge relates back to the sworn declaration such that the charge was timely.[21] In its reply, defendant argues that plaintiff's declaration did not appear in the EEOC file and therefore is not a part of the charge on which plaintiff is currently suing.[22]

In response to defendant's argument regarding the state law claims, plaintiff argues that the prescriptive period had not run because it was suspended from September 19, 2022 until May 15, 2023 while the EEOC conducted its administrative

---

[16] *Id.* at 3.
[17] *Id.* at 4–5.
[18] R. Doc. No. 33, at 1.
[19] R. Doc. No. 1.
[20] R. Doc. No. 33, at 1.
[21] *Id.*
[22] R. Doc. No. 35-2, at 2.

3

review of plaintiff's claim.[23] As mentioned, defendant's reply disputes that the declaration initiated the charge on which this lawsuit is based.

## II. STANDARD OF LAW

Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair

---

[23] *Id.* at 1–2.

notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III. ANALYSIS

"Title VII claims must be filed within 90 days of a plaintiff's receipt of the notice of right to sue or the action will be dismissed." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 548 (5th Cir. 2010) (citing 42 U.S.C. § 2000e–5(f)(1) and *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)). "The 90–day statutory period is strictly construed." *Id.* "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor*, 296 F.3d at 379.

As mentioned, plaintiff's complaint states that plaintiff received a right to sue letter on or about May 15, 2023.[24] In its motion, defendant states that the EEOC charge file confirms that plaintiff received his right to sue letter via email on May 15,

---

[24] R. Doc. No. 1, ¶ 2.

2023.[25] Accordingly, plaintiff had 90 days, until August 13, 2023, to file his complaint. Despite plaintiff's contention that the "tendered" stamp on the complaint shows it was timely filed,[26] the "tendered" stamp shows the complaint was submitted for filing on August 22, 2023.[27] Because plaintiff did not file his complaint until August 22, 2023 and the statutory period is strictly construed, the Court will dismiss plaintiff's Title VII claim as untimely.

Plaintiff's amended complaint alleges that this Court has federal question jurisdiction because of plaintiff's Title VII claim.[28] However, as described above, plaintiff's only federal claim must be dismissed as the complaint was not timely filed and therefore plaintiff's only remaining claim is brought pursuant to Louisiana state anti-discrimination law.

28 U.S.C. § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of [s]tate law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "The Supreme Court has given further guidance, instructing federal courts to consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide

---

[25] R. Doc. No. 29-1, at 3.
[26] R. Doc. No. 33, at 1.
[27] R. Doc. No. 1.
[28] R. Doc. No. 25, ¶ 1.

6

whether to exercise supplemental jurisdiction over pendent state law claims." *Schlorff v. Digital Eng'g & Imaging, Inc.*, No. CV 16-11016, 2016 WL 6276882, at *2 (E.D. La. Oct. 27, 2016) (Vance, J.) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Because there are no remaining claims over which this Court has original jurisdiction, this case is still in the preliminary stages, and the parties have not presented any factors justifying the exercise of supplemental jurisdiction, the Court will decline to exercise its supplemental jurisdiction.[29]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**. Plaintiff's federal Title VII claim is **DISMISSED WITH PREJUDICE.** Plaintiff's state law claim is **DISMISSED WITHOUT PREJUDICE**.

---

[29] Defendant also argues that plaintiff failed to file his EEOC action within the 300-day limitations period. Defendant argues that this period expired on May 3, 2023 because the charge was not signed until May 6, 2023 and not filed until May 8, 2023. R. Doc. No. 29-1, at 3. In response, plaintiff argues that he did timely initiate his EEOC charge by filing a declaration under penalty of perjury on September 30, 2022. R. Doc. No. 33, at 1. Defendant disputes that this signed declaration was a part of the EEOC charge that plaintiff's present action concerns. R. Doc. No. 35-2, at 2. This factual dispute pertains to whether the state law claims are prescribed because the prescription period is suspended during the pendency of EEOC review. *See* La. Stat. Ann. § 23:303(D). Because the Court declines to exercise supplemental jurisdiction over the state claims, it is not necessary for the Court to address this dispute.

New Orleans, Louisiana, April 16, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**