**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERRY CATHERINE** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-3986** |
| **HUGE ASS BEERS** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] to reconsider this Court's final judgment[2] filed by plaintiff Terry Catherine ("plaintiff"). Plaintiff also requests oral argument.[3] Defendant MDK 706, LLC ("defendant") opposes the motion.[4] Plaintiff filed a reply.[5] For the reasons set forth below, the Court denies the motion for reconsideration and the request for oral argument.

### I.    BACKGROUND

This matter arises from alleged workplace discrimination. Plaintiff's amended complaint alleges that plaintiff "is an African-American male formerly employed by MDK 706, LLC dba Huge Ass Beers, as front doorman . . . ."[6] Plaintiff claims that, on July 7, 2022, he was threatened by another security guard, who plaintiff refers to as "Brandon."[7] The manager asked the men to "take it outside."[8] Plaintiff alleges that Brandon appeared outside with brass knuckles, and plaintiff asserts that he then

---

[1] R. Doc. No. 41.
[2] R. Doc. No. 39.
[3] R. Doc. No. 41.
[4] R. Doc. No. 42.
[5] R. Doc. No. 44.
[6] R. Doc. No. 25, ¶ 3.
[7] *Id.* ¶ 5.
[8] *Id.*

1

pulled out his night stick.[9] Plaintiff also claims that, while it is alleged that he pulled out a gun, plaintiff never removed his gun from his backpack.[10] Plaintiff's amended complaint states that no fight ensued.[11] Plaintiff alleges that Angel, a white supervisor, informed plaintiff and Brandon that they were fired.[12] Plaintiff's amended complaint states that when plaintiff returned to his former workplace to pick up his final paycheck, he learned that Brandon was still working there.[13]

On August 22, 2023, plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1991 and Louisiana antidiscrimination laws.[14] Plaintiff argues that his termination was racially motivated and constituted an illegal discriminatory discharge.[15] Plaintiff's amended complaint notes that he obtained a right to sue letter from the Equal Employment Opportunity Commission (the "EEOC") on or about May 15, 2023.[16]

Defendant subsequently filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff's claims are time barred.[17] Plaintiff opposed the motion,[18] and defendant filed a reply.[19] On April 16, 2024, the Court granted defendant's motion to

---

[9] *Id.* ¶ 6.
[10] *Id.* ¶¶ 7–8.
[11] *Id.*
[12] *Id.* ¶ 7.
[13] *Id.* ¶ 9.
[14] *Id.* ¶¶ 10–11.
[15] *Id.*
[16] *Id.* ¶ 2.
[17] *See generally* R. Doc. No. 29-1.
[18] R. Doc. No. 33.
[19] R. Doc. No. 37.

dismiss, explaining that the statutory period for plaintiff's claim expired on August 13, 2023 and plaintiff did not file his complaint until August 22, 2023.[20]

On April 25, 2024, plaintiff filed the present motion for reconsideration.[21] Plaintiff argues that his complaint was timely filed and that the Clerk's Office is responsible for the delay in entering the complaint into the record.[22] Plaintiff also argues that the Court should reverse its judgment and convert the issue of the timeliness of the EEOC charge into a motion for summary judgment in light of relevant factual disputes.[23]

In response, defendant argues that plaintiff presents no arguments that could not have been raised in the initial response and, additionally, defendant notes that plaintiff has not pointed to any evidence showing his complaint was tendered on a different date than the date noted in this Court's previous order.[24] Defendant also argues that the Court should not treat its motion to dismiss as a motion for summary judgment based on the factual disputes related to the timeliness of the EEOC charge because the EEOC charge timeliness is irrelevant to the timeliness of the complaint in this action.[25]

---

[20] R. Doc. No. 38.
[21] R. Doc. No. 41.
[22] R. Doc. No. 41-1, at 2.
[23] *Id.* The Court did not decide the factual disputes relevant to the timeliness of the EEOC charge because the Court held that the complaint in the above-captioned matter was not timely filed. R. Doc. No. 38, at 7 n.29.
[24] R. Doc. No. 42, at 1–2.
[25] *Id.* at 2.

## II. STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, a motion for reconsideration filed within twenty-eight days of the district court's judgment is recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004). A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Id.* Plaintiffs filed this motion within twenty-eight days of the entry of final judgment.[26] Accordingly, a Rule 59(e) analysis is appropriate.

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). "Reconsideration of

---

[26] As discussed, the Court issued a judgment in the above-captioned matter on April 16, 2024. R. Doc. No. 39. Plaintiff filed his motion for reconsideration on April 25, 2024, which is less than twenty-eight days after entry of judgment. R. Doc. No. 41.

a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018).

### III. ANALYSIS

Plaintiff appears to argue that the Court made a manifest error of law by concluding that plaintiff's complaint was not timely filed. Plaintiff relies on cases holding that receipt of the complaint by the Clerk of Court, rather than the formal filing of the complaint into the record, determines the timeliness of a plaintiff's complaint.[27] Plaintiff argues that the tender date of the complaint was August 11, 2023, and therefore the complaint was timely filed. However, despite plaintiff's reply stating that the record "plainly shows a timely tendered stamp on the complaint,"[28] plaintiff has not provided any evidence or specific references to the record demonstrating that the complaint was timely tendered.

As discussed in this Court's previous order, while plaintiff signed and dated the complaint on August 10, 2023,[29] plaintiff did not tender the complaint to the Clerk's Office until August 22, 2023, as shown by the Clerk's Office's dated stamp.[30] On August 23, 2023, the Clerk's Office formally filed the complaint into the record

---

[27] R. Doc. No. 41-1, at 1 (citing *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987), *James v. Branch,* No. CIV.A. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.), *Antoine v. Riley*, No. CIV.A.06-10546, 2007 WL 1537622, at *1 (E.D. La. May 24, 2007) (Berrigan, J.), *Johnson v. City of Slidell*, No. CIV.A.04-1851, 2005 WL 2050291, at *3 (E.D. La. Aug. 11, 2005) (Zainey, J.), and *Evans v. Apfel*, No. CIV.A. 99-3321, 2000 WL 680250, at *1 (E.D. La. May 24, 2000) (Mitchell, J.)).
[28] R. Doc. No. 44, at 1.
[29] R. Doc. No. 1-1, at 1.
[30] R. Doc. No. 1, at 1 (the Clerk's Office's stamp is located on the bottom right corner of the first page).

and noted the correct filing date of August 22, 2023 in the record. Similarly, plaintiff's application to proceed *in forma pauperis* was also stamped by the Clerk's Office upon receipt on August 22, 2023. Plaintiff has not explained why he believes the tender date to be different than the date noted on the complaint.

As plaintiff explains in his motion, "[r]eceipt of the complaint by the court clerk, rather than formal filing, determines the time of filing." *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987). The Clerk's Office's stamp shows the complaint was provided to the Clerk's Office on August 22, 2023, and therefore the complaint is untimely as explained in this Court's previous order. Plaintiff has not demonstrated that this conclusion is a manifest error of law.

Additionally, as explained in the previous order, it is not necessary for the Court to consider the timeliness of the EEOC charge because plaintiff's complaint was not timely filed before this Court. Therefore, the Court need not resolve factual disputes related to the EEOC charge, and there is no reason for the motion to dismiss to have been converted to a motion for summary judgment.

### IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that the request for oral argument is **DENIED**.

New Orleans, Louisiana, May 16, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**