UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY CATHERINE**                                                   **CIVIL ACTION**

**VERSUS**                                                                     **No. 23-3986**

**HUGE ASS BEERS**                                                      **SECTION I**

<u>**ORDER & REASONS**</u>

Before the Court is a motion[1] to amend or correct the record filed by plaintiff Terry Catherine ("plaintiff"). Plaintiff also requests oral argument.[2] For the reasons set forth below, the Court denies the motion to amend or correct the record and cancels the previously set oral argument.

## I.     BACKGROUND

This matter arises from alleged workplace discrimination. Plaintiff's amended complaint alleges that plaintiff "is an African-American male formerly employed by MDK 706, LLC ["defendant"] dba Huge Ass Beers, as front doorman . . ."[3] Plaintiff claims that, on July 7, 2022, he was threatened by another security guard, who plaintiff refers to as "Brandon."[4] The manager asked the men to "take it outside."[5] Plaintiff alleges that Brandon appeared outside with brass knuckles, and plaintiff asserts that he then pulled out his night stick.[6] Plaintiff also claims that, while it is

---

[1] R. Doc. No. 50.
[2] R. Doc. No. 52.
[3] R. Doc. No. 25, ¶ 3.
[4] *Id.* ¶ 5.
[5] *Id.*
[6] *Id.* ¶ 6.

alleged that he pulled out a gun, plaintiff never removed his gun from his backpack.[7]

Plaintiff's amended complaint states that no fight ensued.[8] Plaintiff alleges that

Angel, a white supervisor, informed plaintiff and Brandon that they were fired.[9]

Plaintiff's amended complaint states that when plaintiff returned to his former

workplace to pick up his final paycheck, he learned that Brandon was still working

there.[10]

On August 22, 2023, plaintiff filed this action pursuant to Title VII of the Civil

Rights Act of 1991 and Louisiana antidiscrimination laws.[11] Plaintiff argued that his

termination was racially motivated and constituted an illegal discriminatory

discharge.[12] Plaintiff's amended complaint noted that he obtained a right to sue letter

from the Equal Employment Opportunity Commission (the "EEOC") on or about May

15, 2023.[13]

Defendant subsequently filed a motion to dismiss pursuant to Rule 12(b)(6),

arguing that plaintiff's claims were time barred.[14] Plaintiff opposed the motion,[15] and

defendant filed a reply.[16] On April 16, 2024, the Court granted defendant's motion to

dismiss, explaining that the statutory period for plaintiff's claim expired on August

---

[7] *Id.* ¶¶ 7–8.
[8] *Id.*
[9] *Id.* ¶ 7.
[10] *Id.* ¶ 9.
[11] *Id.* ¶¶ 10–11.
[12] *Id.*
[13] *Id.* ¶ 2.
[14] *See generally* R. Doc. No. 29-1.
[15] R. Doc. No. 33.
[16] R. Doc. No. 37.

13, 2023 and plaintiff did not file his complaint until August 22, 2023, as made clear by the "tendered" stamp on the complaint in the record.[17]

On April 25, 2024, plaintiff filed a motion for reconsideration, arguing that plaintiff filed his complaint on August 11, 2023.[18] On May 16, 2024, the Court denied the motion for reconsideration, explaining that plaintiff did not provide any evidence or specific references to the record demonstrating that the complaint was timely tendered and therefore reconsideration was not appropriate.[19] On May 21, 2024, plaintiff filed a notice of appeal with respect to this Court's judgment and the order denying the motion for reconsideration.[20]

On June 26, 2024, plaintiff filed a motion to amend or correct the record pursuant to Federal Appellate Rule 10(e).[21] Attached to plaintiff's motion is a picture of the complaint with a stamp indicating that the complaint was tendered for filing on August 11, 2023.[22] Plaintiff argues that the picture of the complaint should be filed into the record and forwarded to the Court of Appeals.[23]

## II.    LAW AND ANALYSIS

Federal Rule of Appellate Procedure 10(e) provides:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

---

[17] R. Doc. No. 38.
[18] R. Doc. No. 41.
[19] R. Doc. No. 47.
[20] R. Doc. No. 48.
[21] R. Doc. No. 50.
[22] R. Doc. No. 50-2.
[23] R. Doc. No. 50, at 1.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
  (A) on stipulation of the parties;
  (B) by the district court before or after the record has been forwarded; or
  (C) by the court of appeals.
(3) All other questions as to the form and content of the record must be presented to the court of appeals.

In *United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981), the U.S. Fifth Circuit Court of Appeals explained that "[w]hat in fact went on below may be settled and placed of record pursuant to Rule 10(e) and whatever proceedings are necessary to that end are permissible." However, Rule 10(e) "does not empower a district court to modify parties' stipulations or make new findings of fact after docketing of the appeal in the court of appeals." *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974). The purpose of Rule 10(e) is to permit "the district court to conform the record to what happened, not to what did not." *Id.*

Plaintiff suggests that the photographs of the complaint attached to his motion to amend the record can be added to the record pursuant to Federal Rule of Appellate Procedure 10(e)(1) and 10(e)(2) because plaintiff mistakenly believed that the photographed complaint was already in the record.[24]

"The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the trial court (thereby allowing [the appellate court] to review the decision that the trial court made in light of the information that was actually before it), not to enable the losing party to add new material to the record in

---

[24] R. Doc. No. 50, at 1; R. Doc. No. 50-1, at 1.

order to collaterally attack the trial court's judgment." *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001). The Court never received a copy of the complaint with which plaintiff seeks to supplement the record. Accordingly, this document was not before the Court, and the Court's decision was not made after considering the document. Therefore, supplementation is not appropriate pursuant to Rule 10(e). *See United States v. Muhammad*, 46 F.4th 531, 535 n.3 (7th Cir. 2022) ("Rule 10(e) was not a proper vehicle to update the record on appeal with information that was never in the district court record to begin with."); *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003) ("[T]he purpose of amendment under [Rule 10(e)] is to ensure that the appellate record accurately reflects the record before the District Court, not to provide this Court with new evidence not before the District Court, even if the new evidence is substantial."); *Shooting Star Ranch, LLC v. United States*, 230 F.3d 1176, 177 n.2 (10th Cir. 2000) ("Rule 10(e) allows a party to supplement the record on appeal but does not grant a license to build a new record. . . This [appellate] court will not consider evidence not presented before the district court.").

While the Court believes that there is no error in the record and that the complaint that plaintiff seeks to supplement the record with was never accepted for filing, the caselaw is clear that "[n]ew proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule." *Page*, 661 F.2d at 1082. Therefore, the Court will not make findings with respect to a document that was not presented to this Court when it issued its judgment.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to amend or correct the record is **DENIED**.

**IT IS FURTHER ORDERED** that the previously scheduled oral argument is

**CANCELLED**.

New Orleans, Louisiana, July 1, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**